LAW OFFICE OF TODD D. LERAS
Todd D. Leras, CA SBN 145666
455 Capitol Mall, Suite 802
Sacramento, CA 95814
Telephone: (916) 504-3933

Attorney for Defendant
ANDREA JORDAN

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>CARRIE ALAINE MARKIS, and ANDREA MICHELLE JORDAN,<br><br>Defendants. | CASE NO. 2:19-CR-062-JAM<br><br>**STIPULATION AND ORDER CONTINUING STATUS CONFERENCE AND EXCLUDING TIME UNDER THE SPEEDY TRIAL ACT**<br><br>Date: June 8, 2021<br>Time: 9:30 a.m.<br>Court: Hon. John A. Mendez |

This matter is set for a status conference on June 8, 2021. By this stipulation, Defendants Markis and Jordan move to continue the status conference to August 17, 2021. The parties stipulate as follows:

1. The case involves distribution of prescription pills by means of a secret portion of the internet known as the "dark web." The government has provided voluminous discovery materials, including approximately 2400 pages of written reports, photographs, computer records, audio of witness interviews, and other materials stemming from the investigation. The case can fairly be characterized as nationwide in scope.

2. Counsel for both Defendants have initiated review of discovery materials with their respective clients and initiated defense investigation. Some of the investigative

1
STIPULATION & ORDER CONTINUING TCH

efforts occurred just as state and national events unfolded regarding the COVID-19.

3. A series of General Orders issued by the Chief United States District Judge for the Eastern District of California address the pandemic, including General Orders 612, 617, 618, 624, 628, and 630. These general orders have resulted in restrictions to public access to federal courthouses in the Eastern District of California since March 18, 2020. General Order 630 extends the restrictions for up to 90-days from April 2, 2021. Some courtrooms in the district, including this Court, plan for partial reopening for some in-person hearings in June 2021.

4. On March 19, 2020, California Governor Gavin Newsom issued Executive Order N-33-20 ordering all California residents to shelter in place unless their services are needed to perform work in critical infrastructure functions. In the approximate fifteen-month period since issuance of the governor's order, California has experienced a series of intermittent declines and surges in virus cases. In the first quarter of 2021 federal and state efforts to distribute COVID-19 vaccines resulted in the easing of local restrictions on public gatherings. California now plans to end its mask mandate and many restrictions on business operations on June 15, 2021.

5. Counsel for both defendants now anticipate that these developments toward a return to safe social interactions will allow them to move forward with their investigations and to hold in-person meetings with their respective clients.

6. Given the volume of discovery materials in the case, defense counsel are engaged in investigations related to potential defenses and mitigation evidence in the event of a negotiated disposition. Some of this investigation could not be conducted safely during the initial period following the COVID-19 outbreak. Based on these unusual

circumstances, the government does not object to the continuance.

7. Counsel for both Defendants believe that failure to grant the requested continuance would deny them the reasonable time necessary for effective preparation, considering the exercise of due diligence.

8. Based on the above-stated facts, Defendants Markis and Jordan request the Court find that the ends of justice served by continuing the case as requested outweigh the best interest of the public and the Defendants in a trial within the time prescribed by the Speedy Trial Act.

9. For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, *et seq.,* within which trial must commence, the time period of June 8, 2021 to August 17, 2021, inclusive, is deemed excludable under 18 U.S.C. § 3161(h)(7)(A) and (B)(iv) [Local Code T-4].

10. Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period during which trial must commence.

Assistant U.S. Attorney Paul Hemesath and Attorney Kelly Babineau have reviewed this stipulation and authorized Attorney Todd D. Leras via email to sign it on their behalf.

Dated: June 3, 2021 　　　　　　　　　　*/s/ Kelly Babineau*

　　　　　　　　　　　　　　　　　　　　　　KELLY BABINEAU
　　　　　　　　　　　　　　　　　　　　　　Attorney for Defendant
　　　　　　　　　　　　　　　　　　　　　　CARRIE MARKIS
　　　　　　　　　　　　　　　　　　　　　　(Per email authorization)

Dated: June 3, 2021 　　　　　　　　　　*/s/ Todd Leras*

　　　　　　　　　　　　　　　　　　　　　　TODD LERAS
　　　　　　　　　　　　　　　　　　　　　　Attorney for defendant
　　　　　　　　　　　　　　　　　　　　　　ANDREA JORDAN

| | | |
|---|---|---|
| Dated: June 3, 2021 | | PHILLIP A. TALBERT<br>Acting United States Attorney |
| | By: | */s/ Paul Hemesath*<br>_____<br>PAUL HEMESATH<br>Assistant United States Attorney<br>(Per email authorization) |

## ORDER

BASED ON THE REPRESENTATIONS AND STIPULATIONS OF THE PARTIES, it is hereby ORDERED that the status conference, scheduled for June 8, 2021, is vacated. A new status conference is scheduled for August 17, 2021, at 9:30 a.m.

The Court further finds, based on the representations of the parties, that the ends of justice served by continuing the case as requested outweigh the best interests of the public and the Defendants in a speedy trial.

Time shall be excluded under the Speedy Trial Act, 18 U.S.C. § 3161 (h)(7)(A) and (B)(iv), Local Code T-4, to allow necessary attorney preparation, taking into consideration the exercise of due diligence, for the period from June 8, 2021, up to and including August 17, 2021.

IT IS SO ORDERED.

| | |
|---|---|
| Dated: June 4, 2021 | /s/ John A. Mendez<br>_____<br>THE HONORABLE JOHN A. MENDEZ<br>UNITED STATES DISTRICT COURT JUDGE |